## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY JANE MIFFLIN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )    CIVIL NO.  04-4092-GPM |
| | ) |
| MICHAEL  HUNTER  CLARK  and  USF | ) |
| HOLLAND, INC., | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter was reassigned to the undersigned on May 8, 2006.  The Court, on its own

motion, has reviewed the notice of removal and complaint to determine whether it has subject matter

jurisdiction.  Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its

own jurisdiction *sua sponte*.  *See Andrews v. E.I. du Pont de Nemours & Co.,* No. 04-2882, 2006

WL 1191518, at *3 (7th Cir. May 5, 2006) ("Neither party has raised it but we have an independent

obligation to be sure jurisdiction exists.").

Defendants removed this action, in which Plaintiff asserts a personal injury claim arising

out of a car accident, claiming that jurisdiction is proper under 28 U.S.C. § 1332.  However,

Defendants allege as follows:

> Defendant Clark currently resides, and resided at the time this action was filed, in the
> State of Missouri.  Therefore, Clark was not and is not a citizen of the State of
> Illinois. … Though Plaintiff does not allege in her Complaint that she is a resident
> of the State of Illinois, it is the Defendants' current belief that she does reside in, and
> therefore is a citizen of, the State of Illinois.

(Doc. 1, ¶¶ 5, 7.)  These allegations are insufficient to establish diversity of citizenship.  *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam) ("[i]n federal law citizenship means domicile, not residence").[1]  Moreover, allegations based upon information and belief are insufficient to establish subject matter jurisdiction.  *Id*.  As the proponent of jurisdiction, Defendants must establish the requirements for subject matter jurisdiction, *see Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006), and at this time, they have not done so.

Although it seems likely that Defendants will be able to establish jurisdiction by more appropriate allegations, "subject matter jurisdiction must be a matter of certainty and not of probabilities."  *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995).[2]  Accordingly, pursuant to 28 U.S.C. § 1653, Defendants are **ORDERED** to file an Amendment to the Notice of Removal **on or before May 25, 2006**, to set forth the *citizenship* of Plaintiff and Defendant Clark.  If Defendants fail to file an Amendment to the Notice of Removal in the manner and time prescribed or if, after reviewing it, the Court finds that Defendants cannot establish federal subject matter jurisdiction, the Court will remand the action to the First Judicial Circuit Court, Jackson County, Illinois, pursuant to 28 U.S.C. § 1447(c) for lack of jurisdiction.  *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and

---

[1]Defendants' allegations regarding the corporate Defendant's citizenship are sufficient under 28 U.S.C. § 1332(c)(1) to establish that USF Holland, Inc., is a citizen of the State of Michigan (*see* Doc. 1, ¶ 6).

[2]The Court finds Defendants' allegations sufficient to establish the amount in controversy requirement under the standard recently clarified in *Meridian Security Insurance Company v. Sadowski*, 441 F.3d 536 (7th Cir. 2006).

when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**

DATED:  05/15/06


s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge